IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRENCE WILLIAMS, BERNADINE BENALLY
WILLIAMS, Individually, and as parent of PEYTON BENALLY,

    Plaintiffs,

vs.                                            No.

THE UNITED STATES OF AMERICA,

    Defendant.

**COMPLAINT FOR PERSONAL INJURIES ARISING
UNDER THE FEDERAL TORT CLAIMS ACT
[MOTOR VEHICLE]**

Plaintiffs, by and through their attorney of record, Theodore W. Barudin (BARUDIN LAW FIRM, P.C.), and for their Complaint would state as follows:

**I. PARTIES AND JURISDICTION**

1. This is an action pursuant to the Federal Tort Claims Act, 28 USC §2671, *et. seq.* (hereinafter the "FTCA").

2. Upon information and belief, Plaintiff Terrence Williams is an enrolled member of the Navajo Nation, and at all relevant times, resided in the City of Albuquerque, Bernalillo County, State of New Mexico.

3. Upon information and belief, Plaintiff Bernadine Benally is an enrolled member of the Navajo Nation, and at all relevant times, resided in the City of Albuquerque, Bernalillo County, State of New Mexico.

4. Defendant United States of America ["United States"] through its agents, employees, and the Department of Health and Human Services did fund the Navajo Nation and

1

its tribal enterprise, Navajo Engineering Construction Authority "[NECA]", in conjunction with the Navajo Area Indian Health Services ("NAIHS") and the United States Department of Health and Human Services ("DHHS"). The operative contract by and between NECA, NAIHS and DHHS is #HHSI245201400001C. A copy of this contract is attached as Exhibit 1.

5. Defendant United States and the Navajo Nation and/or NECA were the registered owner of the 2011 Chevrolet Equinox, license G82972, VIN Number 2CNFLEEC3B6393421, operated by Minnie Bidtah at all times material to the claims for relief.

6. Defendant United States is liable for the acts and failures to act of all of the federal agencies identified herein and are amenable to suit pursuant to the Federal Tort Claims Act.

7. Upon information and belief the Navajo Nation and NECA have insured its operations under its P.L. 93-638 contract with the Defendant United States as required by the Indian Self Determination Act [P.L. 93-638], and is therefore amenable to suit in federal court pursuant to federal law and the Federal Tort Claims Act.

8. At all times material, Minnie Bidtah, the operator of the vehicle involved in the collision complained of herein, was employed by NECA and the claims alleged herein are made against Defendant for the acts and/or failures to act of Minnie Bidtah pursuant to, *inter alia,* the *Doctrine of Respondeat Superior* and vicarious liability.

9. For purposes of these claims, Minnie Bidtah was a federal employee making her acts and failures to act culpable arising under the Federal Tort Claims Act. Ms. Bidtah may have been in prior motor vehicle collisions while employed by Defendant and the Navajo Nation and/or NECA.

10. NECA is covered in accordance with 25 CFR 900, Subpart M, under the Federal Tort Claims Act.

11. If the Defendant were a private person it would be liable to the Plaintiffs in accordance with the laws of the State of New Mexico.

12. Within two years of the date of claims set forth herein which are subject to the Federal Tort Claims Act, the administrative claim and Standard Form 95 was presented to the United States through the Department of Health and Human Services, pursuant to 28 U.S.C. §2675(a). Defendant has not issued a final ruling denying Plaintiffs' administrative claims thereby making Plaintiff's claims ripe for adjudication.

13. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. § 1346(b).

## STATEMENT OF FACTS GERMANE TO ALL CLAIMS

14. Plaintiffs re-allege Paragraphs 1 through 13 as though fully recited at length herein.

15. On or about October 27, 2014, Plaintiff Terrence Williams was traveling southbound on New Mexico State Road 491, near mile marker 91, Shiprock, Navajo Nation, New Mexico.

16. Minnie Bidtah was traveling eastbound from a private drive, and was attempting to cross State Road 491.  Minnie Bidtah drove directly into the path of Plaintiffs' vehicle.

17. Plaintiffs attempted to avoid a collision by moving towards the median, but Ms. Bidtah continued on her path, never once attempted to slow down or by other means and struck Plaintiffs' vehicle.

18. The Navajo Nation Division of Public Safety investigated this collision and issued its report, 02-14-033598, concluding that Minnie Bidtah was the at fault driver and cited her for Failure to Yield.

## COUNT I

### NEGELIGENCE AGAINST DEFENDANT UNITED STATES

19. Plaintiffs re-allege paragraphs 1 through 18 as though fully recited at length herein.

20. Defendant owed Plaintiffs a duty to exercise reasonable care in the operation of the vehicle Minnie Bidtah was driving.

21. Defendant negligently breached that duty by failing to operate the vehicle in a safe, reasonable and prudent manner, and by failing to obey applicable traffic laws and statutes.

22. As a direct and proximate result of operator negligence, Minnie Bidtah operated the 2011 Chevrolet Equinox in a negligent, reckless and punitive manner, to wit: failure to yield, in that such acts and/or failures to act injured Plaintiffs.

23. As a direct and proximate cause of Defendant's negligence, Plaintiffs have suffered and continue to suffer physical injuries, pain and suffering damages, past, present and future medical bills, loss of income, hedonic damages, compensatory damages, all in an amount to be proven at trial.

## COUNT II

### NEGLIGENT ENTRUSTMENT OF A MOTOR VEHICLE

24. Plaintiffs re-allege paragraphs 1 through 23 as though fully recited at length herein.

25. Defendant and/or the Navajo Nation [NECA] is the legal owner of the 2011 Chevrolet Equinox which collided with Plaintiffs.

26. Defendant and/or the Navajo Nation [NECA] negligently entrusted the 2011 Chevrolet Equinox to Ms. Bidtah, which said vehicle collided with Plaintiffs causing personal injuries and property damage.

27. As a direct and proximate result, Defendant and/or the Navajo Nation [NECA] allowed Ms. Bidtah to operate the 2011 Chevrolet Equinox in a negligent, reckless and punitive manner in that such acts and/or failures to act injured Plaintiffs.

28. As a direct and proximate cause of Defendant and/or the Navajo Nation [NECA]'s negligence, Plaintiffs have suffered and continue to suffer physical injuries, pain and suffering damages, past, present and future medical bills, loss of income, hedonic damages, and compensatory damages, all in an amount to be proven at trial.

## COUNT III

### NEGLIGENCE ARISING UNDER THE DOCTRINE OF RESPONDEAT SUPERIOR

29. Plaintiffs re-allege Paragraphs 1 through 28 as though fully recited at length herein.

30. Plaintiffs invoke the *Doctrine of Respondeat Superior* for the acts and/or failures to act of federal employee(s), more specifically, employee(s) and/or agent(s) of Defendant and/or the Navajo Nation [NECA], including Minnie Bidtah, who was in the scope and course of her employment with the Defendant and/or the Navajo Nation [NECA] at said date and time.

31. As a direct and proximate result of the vicarious liability of Defendant and/or the Navajo Nation [NECA], and as a direct and proximate cause of Ms. Bidtah's negligence, Plaintiffs have suffered and continue to suffer physical injuries, pain and suffering damages, past, present and future medical bills, loss of income, hedonic damages, and compensatory damages, all in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. Compensatory damages;

2. Medical bills;

3. Past, present, and future pain and suffering damages;

4. Past, present, and future permanent injuries;

5. Loss of enjoyment of life and hedonic damages;

6. Loss of income and income opportunity;

7. Out of pocket expenses;

8. For all allowable taxable costs;

9. Such other and further relief deemed warranted under the circumstances.

Respectfully submitted,

BARUDIN LAW FIRM, P.C.

By: */s/ Theodore W. Barudin*
Theodore W. Barudin
7900 Menaul NE
Albuquerque, New Mexico 87110
(505) 332-1800
(505) 271-1888
tbarudin@barudinlaw.com
*Attorney for Plaintiffs*